RECEIVED
IN LAKE CHARLES, LA

MAY 14 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | * | CIVIL ACTION NO. 2:13-CV-2594 |
| | * | |
| **Plaintiff** | * | |
| | * | |
| V. | * | JUDGE MINALDI |
| | * | |
| GEO GROUP, INC., ET AL. | * | |
| | * | |
| **Defendants** | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is the plaintiff's Appeal, styled as "Objections to Report and Recommendation and/or Amend" [Doc. 11], which was submitted in response to the Memorandum Order [Doc. 9] of the Magistrate Judge. For the following reasons, the plaintiff's Appeal [Doc. 11] of the Magistrate Judge's ruling is hereby **DENIED**.

The *pro se* plaintiff, currently incarcerated at Allen Correctional Center in Kinder, Louisiana, filed suit pursuant to 42 U.S.C. § 1983 against Geo Group, Inc., Allen Correctional Center, Warden Terry Terrell, Captain Ryan Selgrath, and Lieutenant Valiree Delome, on September 3, 2013,[1] alleging multiple violations of his constitutional rights. These alleged violations stemmed from the denial of proper dental care; overcrowding at the facility in which the plaintiff was incarcerated; inadequate ventilation; a pest infestation at the facility; as well as the filing of false disciplinary reports and the theft of the plaintiff's property by prison staff.[2]

---

[1] *See generally* Compl. [Doc. 1-2].
[2] *See* Memo. Order [Doc. 9], at 1.

On March 19, 2014, the Magistrate Judge issued a ruling directing the plaintiff to amend his complaint within thirty days, and to dismiss those claims that could not be cured through amendment.[3]  Specifically, the order directed the plaintiff to amend his complaint as follows:

> (1) Identify each claim that he is asserting in this suit.  For each claim, plaintiff should:
>   (a) Briefly provide the underlying facts;
>   (b) State specifically how he was harmed;
>   (c) Identify the specific defendant(s) responsible;
>   (d) State the date the defendant(s) acted or failed to act;
>   (e) State whether he has previously sued the defendant(s) based on the same facts.  If so, he should provide the name of the lawsuit, the case number, the court where it was filed, and the disposition;
>   (f) Provide a description of all medical care received by plaintiff for his alleged injuries.  Include the dates of such treatment and the provider of such treatment; and,
>   (g) State the length of time exposed to the alleged inadequate conditions of confinement.
> (2) Identify the relief that he is seeking in this case.  (*i.e.* plaintiff should explain to the court, in his own words, the basis for which he seeks the damages); and,
> (3) Allege specific facts to establish that the defendant was personally involved or that he/she authorized others to act or fail to act.[4]

As to the Eighth Amendment claims regarding the conditions of his confinement, the Magistrate Judge directed the plaintiff to "set out with specificity the conditions of confinement that he claims rise to the level or a Constitutional violation, or dismiss the claims that he cannot cure through amendment."[5]  The order gave similar instructions with regard to the plaintiff's claims for false disciplinary reports, loss of property, and supervisory liability.[6]  The order also directed the plaintiff to dismiss his claim against Allen Correctional Center because, under Louisiana law, such facilities are not juridical persons capable of suing or being sued.[7]

Magistrate judges are statutorily empowered to rule on nondispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1)(A).  An aggrieved party may challenge such rulings by appealing to

---

[3] Memo. Order [Doc. 9], at 9.
[4] Memo. Order [Doc. 9], at 2-3.
[5] *Id.* at 6.
[6] *Id.* at 5-8.
[7] *See id.* at 8 (*citing* La. Civ. Code Ann. art. 24; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988)).

the sitting district judge, who may "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. PRO. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

As a preliminary note, the plaintiff's instant motion notes that he is willing to drop the claim for inadequate dental care, as he is now receiving proper dental care.[8] As to his remaining claims, the plaintiff states that he does not understand what precisely the Magistrate Judge's order is asking of him, as he has cited to case law in support of his claims.[9] While the plaintiff's complaint is replete with seemingly pertinent case law, what is required, as noted by the Magistrate Judge, are additional facts demonstrating the basis of the plaintiff's claims.

An action may be dismissed where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. PRO. 12(b)(6). Pursuant to the Prisoner Litigation Reform Act (PLRA), a district court shall dismiss a complaint that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Federal Rule of Civil Procedure 8 requires a "short and plain statement" that demonstrates that the pleader is entitled to relief. FED. R. CIV. PRO. 8(a). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). A plaintiff must plead facts sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that

---

[8] Pl.'s Mot. [Doc. 11], at 1.
[9] Pl.'s Mot. [Doc. 11], at 1.

the pleader is entitled to relief.'" *Id.* at 1950 (*citing* FED. R. CIV. PRO. 8(a)(2)). Although *pro se*

complaints will be granted more latitude and be held to less stringent standards than complaints

drafted by licensed attorneys, "conclusory allegations or legal conclusions masquerading as

factual conclusions will not suffice." *Adeleke v. Heaton, et al.*, 352 Fed. Appx. 904, 906-07 (5th

Cir. 2009) (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

The plaintiff states that he is living in an overcrowded environment.[10] He states that the

square footage of the cell in which he has been placed is "below the norm."[11] These statements,

in and of themselves, do not allege a constitutional violation. *See, e.g., Northup v. Bell*, No.

6:11-cv-222, 2012 U.S. Dist. LEXIS 95060, at *24 (E.D. Tex. June 12, 2012) (stating that "[t]he

fact that two inmates are housed in a 54-square-foot cell is not itself unconstitutional"). He

further states that he "was put into this living situation because of the malicious actions of" two

of the defendants, and that "both of them[,] with the sole intent to cause harm[,] lied in their

report and had plaintiff locked-up [sic] in the blocks."[12] However, the plaintiff fails to state any

underlying facts. He does not state the dimensions of the cell in which he is housed; the

background giving rise to the defendants' report; the alleged lie to which he refers, nor does he

offer any other supporting details from which a court could properly determine whether a

constitutional violation had taken place. Conclusory allegations of this type are typical of the

plaintiff's complaint herein, and, lacking proper supporting factual allegations, are insufficient to

state a claim for which relief may be granted.

After a review of the plaintiff's complaint, it may not be said that the Magistrate Judge's

order was either clearly erroneous or contrary to law in finding that the "plaintiff's complaint

---

[10] Compl. [Doc. 1-2], at 2.
[11] *Id.*
[12] *Id.*

4

does not allege specific facts such that the court is able to properly analyze his claims."[13]  The

Fifth Circuit has stated that

> A prisoner must satisfy a two-part test, consisting of an objective and a subjective
> component, to state a claim that the conditions of his confinement violated the Eighth
> Amendment. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).  First, a prisoner
> must demonstrate the objective component of conditions "so serious as to deprive
> prisoners of the minimal measure of life's necessities, as when it denies the prisoner
> some basic human need." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999).
> "Second, under a subjective standard, the prisoner must establish that the responsible
> prison officials acted with deliberate indifference to his conditions of confinement."
> *Id.* at 720.  A prison official acts with deliberate indifference "only if he knows that
> an inmate faces a substantial risk of serious harm and [he] disregards that risk by
> failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825,
> 847 (1994).

*Adeleke*, 352 Fed. Appx. at 907.  Applying this standard, the plaintiff's complaint at this time

falls well short of setting forth sufficient factual allegations to state a claim for which relief may

be granted.  Accordingly,

   **IT IS ORDERED** that the plaintiff's Appeal [Doc. 11] is hereby **DENIED**.  The plaintiff

is hereby granted thirty (30) days from the filing of this ruling into the record to amend his

complaint, in accordance with the prior order of the Magistrate Judge.

   Lake Charles, Louisiana, this 12 day of ___May___, 2014.


                                        _____
                                        PATRICIA MINALDI
                                        UNITED STATES DISTRICT JUDGE

---

[13] Memo. Order [Doc. 9], at 2.