UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNITH W. MONTGOMERY** | : | **CIVIL ACTION NO. 13-2594** |
| **#123966** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GEO GROUP, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Kennith W. Montgomery (hereinafter "Montgomery"), an inmate in custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana. Named as defendants are GEO Group, Inc.; Allen Correctional Center; ACC Warden Terry Terrell; ACC Captain Ryan Selgrath; and, ACC Lieutenant Valiree Delome.

On March 19, 2013, this court filed a memorandum order [doc. 9] instructing Montgomery to provide additional information in support of his complaint. His appeal [doc. 11] of the order was denied on May 14, 2014 [docs. 14, 15]. Montgomery was instructed to respond to the order by June 14, 2014. *Id.* To date, he has not done so.

### I.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits the dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." Fed. R. Civ. P. 41(b). Furthermore, the district court has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this

- 2 -

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*

As previously stated, Montgomery has failed to comply with an order of this court. Therefore, **IT IS RECOMMENDED** that Montgomery's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 17th day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE